IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Richard Jonathan Burton,<br><br>               Plaintiff,<br>vs.<br><br>Carolyn W. Colvin,<br>Acting Commissioner of Social Security Administration,<br>               Defendant. | Civil Action No. 4:15-cv-2716-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed November 4, 2016, recommends that the decision of the Commissioner be affirmed. ECF No. 22. On November 15, 2016, Plaintiff filed objections to the Report. ECF No. 24. On December 2, 2016, the Commissioner filed a response to Plaintiff's objections. ECF No. 26. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  The court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful

scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**Background**

Plaintiff applied for DIB and SSI on March 30, 2012, alleging disability as of September 27, 2011, due to residual effects from a cardiovascular accident ("CVA"). Plaintiff's applications were denied initially and upon reconsideration. On September 17, 2013, a hearing was held before an Administrative Law Judge ("ALJ"). The ALJ denied Plaintiff's claims in a decision dated December 31, 2013, finding that Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action July 8, 2015. ECF No. 1.

**Discussion**

The Magistrate Judge recommends that the court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, arguing that the Magistrate Judge erred in finding that the ALJ made a proper credibility determination based on 1) Plaintiff's ability to perform personal care and 2) his lack of medical treatment after his arrival in South Carolina, due to his inability to pay. The court addresses these objections *de novo*.

Plaintiff first briefly addresses the ALJ's determination that Plaintiff's ability to perform personal care was not consistent with a disabling impairment. In the hearing before the ALJ, Plaintiff testified that he "has no problems with personal care (save for trouble using scissors); he

3

needs no reminders to handle personal care; he prepares food daily; he does laundry once a week; he can and does drive a car; he shops in stores for personal items once a week; he is able to manage money; and he enjoys watching television and reading and talks on the phone every day." ECF No. 10-2. The ALJ found that Plaintiff is "capable of engaging in independent daily living, which contradicts the alleged level of severity of the claimant's impairments." *Id.*

In his objections, Plaintiff argues that he "undertakes these activities on a limited basis on his own timetable . . . [i]t seems patently obvious that the occasional ability to watch television, read or talk on the telephone are hardly the equivalent of the ability to do full-time work." ECF No. 24 at 3. The argument regarding ability to undertake personal care was before the Magistrate Judge, who found that "[c]ourts have found that evidence of similar levels of activity tends to weigh against a finding of disability." ECF No. 22 at 15 (citing *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) ("The ALJ also found [claimant's] complaints of pain to be inconsistent with her testimony of her routine activities.")). The court finds no error in the Magistrate Judge's analysis and that the conclusion by the ALJ was supported by substantial evidence.

Next, Plaintiff argues the ALJ's credibility determination was flawed as related to his lack of treatment. The ALJ determined that Plaintiff's lack of follow up care once he moved to South Carolina "suggests that the symptoms may not have been as limiting as the claimant has alleged in connection with this application, or alternatively, that the claimant is not willing to explore all options that may assist in improving his health. In either regard, this detracts from the claimants overall credibility." *See* ECF No. 10-2 at 20. The Magistrate Judge considered

4

Plaintiff's argument regarding inability to pay, but found that "any error by the ALJ is harmless because this was not the only factor or even the deciding factor [regarding credibility]." ECF No. 22 at 19.

Plaintiff again argues in his objections to the Report that any such failure to pursue treatment is attributed to his inability to pay, contending that "every single event of failure to seek treatment which the ALJ cites is related to [Plaintiff's] inability to obtain and afford treatment." Therefore, he contends, his failure to timely seek treatment both initially and upon moving to South Carolina "obviously had less to do with the severity of his symptoms and more to do with his inability to pay for any medical treatment he received." ECF No. 24 at 4.

Although failure to follow prescribed treatment to cure or ameliorate the defect without good reason is an accepted reason to deny disability benefits, "[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him." *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984). Further,

> [i]t is erroneous to consider the claimant's failure to seek treatment as a factor in the determination that her impairment is not severe as it would be to reach the ultimate conclusion that the claimant is not disabled because she failed to follow prescribed treatment when that failure is justified by lack of funds.

*Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986).

Plaintiff, however, cites no testimony regarding an inability to pay for medical care, and, at the administrative hearing, did not discuss inability to pay as his reason for failing to seek treatment after he moved to South Carolina. There is some evidence in the record that Plaintiff did not have health insurance at the time of his CVA, and that the hospital at which he sought

5

care before moving to South Carolina approved Plaintiff for financial aid and for treatment as an outpatient. Per medical records, Plaintiff was seen at the Free Medical Clinic at least twice after his move to South Carolina, but he does not appear to have continued treatment or sought other assistance with treatment since 2012-2013.

Plaintiff's treatment record reflects a failure to seek treatment in at least two instances: immediately after his CVA, and following his move to South Carolina. Initially, he waited three weeks before even seeking treatment for his CVA in 2011. He offered no explanation for the delay at the administrative hearing. After that period, he was receiving subsidized care through the hospital where he was seen post-CVA, but ended care there before he moved to South Carolina in February of 2012. Once in South Carolina, he visited the Free Clinic at least twice, and there is no indication that he was unable to be seen there in the future. Again, no reason was offered for not continuing therapy or pursuing further therapy at a no cost facility. Most importantly, Plaintiff did not claim an inability to pay until after administrative proceedings were complete. Only after the case was filed in this court did Plaintiff advance the argument that he did not seek further treatment because he did not have health insurance or money to pay for care.

Plaintiff cites cases from this district where the ALJ did not "adequately address" whether the claimant could afford treatment and thus the case was remanded. *See Dozier v. Colvin*, 1:14-cv-00029-DCN (D.S.C. Aug. 10, 2015); *Gadsden v. Colvin*, No. 4:12-cv-2530, 2014 WL 368216, at *4 (D.S.C. Fed. 3, 2014). However, in those cases, the claimant raised inability to pay before the ALJ as the reason for not seeking further treatment. In the instant case, Plaintiff did not testify that inability to pay was the reason he did not seek treatment

immediately after his CVA or further treatment once he arrived in South Carolina. A more analogous case found a similar argument without merit where "Plaintiff point[ed] to no evidence in the record that Plaintiff did not seek a specific treatment due to inability to pay." *Caines v. Colvin*, No. 8:14-cv-388, 2015 WL 5178170, at *13 (D.S.C. Sept. 3, 2015) (affirming Commissioner).

Finally, the issue of inability to pay was but one factor in the ALJ's credibility determination. As noted in the Report, any perceived oversight by the ALJ regarding inability to pay would be harmless error due to the thorough consideration of other factors impacting credibility. *See King v. Colvin*, No. 6:12-cv-3043, 2014 WL 906795 (D.S.C. Mar. 7, 2014) ("The court agrees with [Plaintiff] that her inability to afford care may be a sufficient reason for failing to seek treatment, however, the court finds that, in this case, the ALJ's interpretation of this one factor was harmless error. [Plaintiff's] failure to seek further medical treatment was one factor the ALJ considered, but not the only factor or even the deciding factor.")

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge as supplemented above, and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

                                                                s/ Cameron McGowan Currie
                                                                CAMERON MCGOWAN CURRIE
                                                                Senior United States District Judge

Columbia, South Carolina
December 13, 2016

8